**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 22-1858**

———————

DOMINION COAL CORPORATION,

Petitioner,

v.

JAMES R. CLARK; DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR,

Respondents.

———————

On Petition for Review of an Order of the Benefits Review Board.  (20-0264 BLA)

———————

Submitted:  March 15, 2024                                    Decided:  May 1, 2024

———————

Before NIEMEYER, THACKER, and RICHARDSON, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

**ON BRIEF:**  Charity A. Barger, STREET LAW FIRM, LLP, Grundy, Virginia, for Petitioner.  Seema Nanda, Solicitor of Labor, Barry H. Joyner, Associate Solicitor, Jennifer L. Jones, Deputy Associate Solicitor, Gary K. Stearman, Counsel for Appellate Litigation, Sarah M. Hurley, Office of the Solicitor, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Federal Respondent.  Brad A. Austin, M. Rachel Wolfe, WOLFE WILLIAMS & REYNOLDS, Norton, Virginia, for Respondent James R. Clark.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dominion Coal Corp. ("Dominion") petitions this court for review of the Benefits Review Board's ("BRB") orders affirming the Administrative Law Judge's ("ALJ") decision awarding James R. Clark ("Clark") benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901 to 944 ("Act"), and denying reconsideration. Dominion argues that the BRB's decision must be vacated because the ALJ was not appointed in accordance with the Appointments Clause and the statutory limitations on the ALJ's removal violate the separation of powers. Dominion further asserts that, even if the BRB's decision must not be vacated based on this constitutional challenge, the BRB erred in upholding the ALJ's finding that Clark established the 15-year presumption of total disability due to pneumoconiosis under 30 U.S.C. § 921(c)(4). *See* 20 C.F.R. § 718.305(b), (c)(1) (2023). Specifically, Dominion argues that the ALJ's decision to credit Dr. Vishal Raj's opinion over the other doctors' opinions, particularly Dr. Thomas Jarboe's, was irrational and unsupported by substantial evidence.

We initially placed this petition in abeyance pending the decision in *K&R Contractors, LLC v. Keene*, 86 F.4th 135 (4th Cir. 2023). As the mandate in *Keene* recently issued, Dominion's petition for review is now ripe for disposition. Having reviewed the record and the parties' arguments, we deny the petition.

We first address Dominion's argument that the ALJ's appointment and protections from removal violate the Constitution. In *Keene*, we recognized that the Department of Labor ("DOL") ALJs who adjudicate claims under the Act are inferior officers who "can be appointed only by the President, a court of law, or a head of department." *Id.* at 140;

2

*see id.* at 143 (noting that "[t]he parties agree that DOL ALJs are inferior officers"). And the ALJ who adjudicated Clark's claim was initially hired through the competitive service, not appointed. However, on December 21, 2017, before the ALJ took any substantive action in Clark's case, the Secretary of Labor sent a letter to the ALJ "ratify[ing] the [DOL]'s prior appointment of [him] as an [ALJ]." (J.A. 40).[1] Moreover, in *Keene*, we held that an identical letter to an ALJ who was also initially hired through the competitive service "cured any constitutional defect in [that ALJ's] original hiring by [the] DOL." 86 F.4th at 144; *see id.* at 142 (setting forth details of Secretary's letter to ALJ). Accordingly, based on *Keene*, we conclude that the ALJ who adjudicated Clark's claim "had been constitutionally appointed by the time [he] took any action in th[e] case." *Id.* at 144.

Furthermore, while Dominion argues that the statutory restrictions on the ALJ's removal are unconstitutional, a party challenging removal restrictions as unconstitutional "is not entitled to have the underlying agency action set aside absent reason to believe that the unconstitutional removal provision itself inflicted harm." *Id.* at 149. Dominion does not assert "any possible harm resulting from the allegedly unconstitutional limitations on the President's ability to remove DOL ALJs[,] and nothing in the record suggests the Secretary of Labor attempted or desired to remove [the] ALJ [who adjudicated Clark's claim]" but was prevented from doing so by the statutory limitations on removal. *Id.* Therefore, "regardless of whether the removal protections for DOL ALJs are

---

[1] "J.A." refers to the joint appendix filed by the parties in this appeal.

3

constitutional," Dominion is not entitled to vacatur of the BRB's decision on this ground. *Id.*

Turning to the substance of the BRB's decision affirming the ALJ's order, our review of a BRB decision upholding an award of benefits is "highly deferential." *W. Va. CWP Fund v. Dir., Off. of Workers' Comp. Programs*, 880 F.3d 691, 697 (4th Cir. 2018). "We ask only whether substantial evidence supports the factual findings of the ALJ and whether the legal conclusions of the [BRB] and ALJ are rational and consistent with applicable law." *Hobet Mining, LLC v. Epling*, 783 F.3d 498, 504 (4th Cir. 2015) (internal quotation marks omitted). "To determine whether this standard has been met, we consider whether all of the relevant evidence has been analyzed and whether the ALJ has sufficiently explained his rationale in crediting certain evidence." *Id.* (internal quotation marks omitted). "But it is for the ALJ, as the trier of fact, to make factual and credibility determinations, and we therefore defer to the ALJ's evaluation of the proper weight to accord conflicting medical opinions." *Id.* (internal citation and quotation marks omitted). "So long as an ALJ's findings in this regard are supported by substantial evidence, they must be sustained." *Id.* "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sea "B" Mining Co. v. Addison*, 831 F.3d 244, 252 (4th Cir. 2016) (internal quotation marks omitted).

To receive benefits under the Act, a claimant must prove that (1) he has pneumoconiosis; (2) it arose from his coal mine employment; (3) he has a totally disabling respiratory or pulmonary impairment; and (4) his pneumoconiosis contributes to his

4

disabling impairment.  20 C.F.R. §§ 718.202, 718.203, 718.204, 725.202(d) (2023); *see Westmoreland Coal Co. v. Stallard*, 876 F.3d 663, 667 (4th Cir. 2017).  The Act provides a rebuttable presumption that a miner is totally disabled due to pneumoconiosis if he has a totally disabling respiratory or pulmonary impairment and worked for at least 15 years in underground coal mine employment.  *See W. Va. CWP Fund v. Bender*, 782 F.3d 129, 133–34 (4th Cir. 2015); 30 U.S.C. § 921(c)(4); 20 C.F.R. § 718.305(b), (c)(1).  A miner may prove a totally disabling respiratory or pulmonary impairment through (1) qualifying pulmonary function tests ("PFTs"); (2) qualifying arterial blood gas ("ABG") studies; (3) a showing that "[t]he miner has pneumoconiosis and . . . suffer[s] from cor pulmonale with right-sided congestive heart failure"; or (4) well-documented and well-reasoned physicians' opinions "conclud[ing] that [the] miner's respiratory or pulmonary condition prevents or prevented the miner from engaging in [his last coal mining job or similar work]." 20 C.F.R. § 718.204(b)(2); *see* 20 C.F.R. § 718.204(b)(1).

Here, the parties stipulated that Clark had 34 years of coal mine employment, and the ALJ found that Clark had a totally disabling respiratory impairment based on Dr. Raj's opinion.  The ALJ therefore invoked the 15-year presumption that Clark was totally disabled due to pneumoconiosis.  Dominion argues that the ALJ erred in invoking the presumption because the ALJ's conclusion that Dr. Raj's opinion was well reasoned was not supported by substantial evidence and reflected inconsistent treatment of the medical opinion evidence.  Specifically, Dominion argues that Dr. Raj failed to adequately explain his conclusion that Clark was totally disabled in light of the PFTs and ABG studies, most of which yielded nonqualifying results.

5

But, as the ALJ and the BRB noted, the regulations permit a finding of total disability based on a reasoned medical opinion even in the absence of qualifying test results. And Dr. Raj explained that Clark's PFTs and ABG studies indicated that Clark suffered from an obstructive impairment and hypoxemia that, given the demands of Clark's work, rendered him disabled. In contrast, the remaining doctors recognized that Clark had an obstructive impairment but did not explain why that impairment was not disabling, instead resting their conclusions that Clark was not disabled on the lack of qualifying testing. We therefore conclude that the ALJ's crediting of Dr. Raj's opinion is supported by substantial evidence and reflects a reasonable weighing of the conflicting medical opinions.

Dominion next argues that the ALJ erred in discounting Dr. Jarboe's opinion that Clark was not disabled on the ground that Dr. Jarboe did not understand the exertional requirements of Clark's work. However, based on Clark's testimony at the hearing before the ALJ, in which he detailed the requirements of his coal mine employment, the ALJ reasonably found that Clark's employment constituted "very heavy work," as defined in the Dictionary of Occupational Titles ("DOT").[2] And the ALJ rationally found that Dr.

---

[2] Dominion briefly argues that the ALJ erred in using the DOT to define "very heavy work" because the DOT was not contained in the transcript of the May 2018 hearing before the ALJ. But Dominion forfeited this argument by never contesting the manner in which the ALJ took official notice of the DOT. *See Probst v. Saul*, 980 F.3d 1015, 1019 (4th Cir. 2020) (noting that "an issue not presented to an administrative decisionmaker [generally] cannot be argued for the first time in federal court"). Moreover, even if this argument were not forfeited, it is without merit because the ALJ took notice of the DOT in accordance with the Administrative Procedure Act. *See* 5 U.S.C. § 556(e) (permitting agency decision based "on official notice of a material fact not appearing in the evidence (Continued)

6

Jarboe's description of Clark's work, which did not indicate whether Clark had to lift heavy loads or otherwise evince any knowledge of the details of that work, reflected that Dr. Jarboe did not understand Clark's work to require "very heavy work." *See* DOT, App. C, § IV(c), 1991 WL 688702. Furthermore, while Dominion argues that Dr. Raj's understanding of Clark's exertional requirements was no better than Dr. Jarboe's, Dr. Raj recognized that Clark's employment required him to "lift[] 50-100 pounds on any given day" in a coal shaft that was 48 to 60 inches high. (J.A. 117, 147). Thus, the ALJ reasonably found that Dr. Raj had a better understanding of Clark's exertional requirements than Dr. Jarboe and permissibly discounted Dr. Jarboe's opinion on that basis.

Accordingly, we deny Dominion's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

---

in the record" provided that party is afforded, "on timely request, . . . an opportunity to show the contrary").

7